SMITH v. CITY OF SEDALIA. (Kansas City Court of Appeals. Missouri. Dec. 4, 1911.) Appeal from Circuit Court, Moniteau County; Wm. H. Martin, Judge. Action by D. H. Smith against the City of Sedalia. From the judgment, both parties appeal. Case certified to Supreme Court. Montgomery & Montgomery, Charles E. Yeater, and J. W. Suddath, for plaintiff. Wm. M. Williams, C. C. Kelly, Mark A. McGruder, and W. W. Blain, for defendant.

PER CURIAM. A rehearing was granted in this case, and it has been reargued. We have concluded, for the reasons stated in the original opinion,[1] to reverse the judgment and remand the cause, with directions to enter judgment for defendant on each count. But since one of the judges deems the decision in conflict with Smith v. City of Sedalia, 152 Mo. 283, 53 S. W. 907, 48 L. R. A. 711, and Smith v. City of Sedalia, 182 Mo. 1, 81 S. W. 165, the cause will be certified to the Supreme Court for final determination.

---

THOMPSON v. STATE. (Court of Criminal Appeals of Texas. Dec. 20, 1911.) Appeal from District Court, Tarrant County; W. T. Simmons, Judge. Mollie Thompson was convicted of theft, and she appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of theft from the person; her punishment being assessed at two years confinement in the penitentiary. The record is before us without a statement of facts or bills of exception. In the absence of the evidence, there is nothing set forth in the motion for new trial requiring a revision. The judgment is affirmed.

---

WATTS v. STATE. (Court of Criminal Appeals of Texas. Dec. 6, 1911.) Appeal from Eastland County Court; E. A. Hill, Judge. Hubert Watts was convicted of carrying a pistol, and appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of carrying a pistol; his punishment being assessed at a fine of $100. The record is before us without a statement of facts or bills of exception. We find nothing in the record upon which to predicate a reversal of the judgment, and therefore it is affirmed.

---

NORWOOD DRY GOODS CO. v. COHN-FRIEDLANDER & MARTIN CO. (Court of Civil Appeals of Texas. Amarillo. Dec. 2, 1911.) Appeal from Wilbarger County Court; J. A. Nabers, Judge. Action by the Cohn-Friedlander & Martin Company against the Norwood Dry Goods Company. From a judgment for plaintiff, defendant appeals. Affirmed on certificate. Cecil Storey, for appellant. J. E. Doran, for appellee.

GRAHAM, C. J. This cause is before us on a motion filed herein by appellee on November 21, 1911, to affirm this cause on certificate accompanied by a proper certificate from the clerk of the court in which the judgment was rendered, and to assess 10 per cent. damages, allegation being made in said motion that the appeal was perfected for delay only. An inspection of the certificate filed herein on November 21, 1911, shows that judgment was rendered in this cause in favor of appellee and against appellant in the county court of Wilbarger county for the sum of $279.03, with 6 per cent. interest thereon from that date and all costs of suit; that said judgment was rendered during the regular term of said court and on July 5, 1911; that appellant in open

---

[1] Per curiam memorandum.

court excepted and gave notice of appeal to this court on the day the judgment was rendered; that the case was tried before the court without a jury; that on July 22, 1911, said term of said court adjourned, and that on the 8th day of July, 1911, appellant as principal, together with R. W. Walker, W. H. Rich, and A. Allison, as his sureties, executed an appeal bond containing no supersedeas clause or provision, caused the same to be approved by the clerk of the court below, and filed in this cause on August 10, 1911. Having inspected the record before us and finding same in accordance with law, the motion to affirm on certificate will be and the same is granted, there being nothing, however, in the record from which we are able to say that this case was appealed for delay only, we overrule that portion of the motion praying for 10 per cent. damages.